# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 7, 2022

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ANTHONY ABELS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-558V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Brachial Neuritis. |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Emily Williams, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On April 18, 2018, Anthony Abels ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that he suffered from brachial neuritis as the result of an influenza ("flu") vaccination he received on October 6, 2016. Petition at Preamble (ECF No. 1). On May 6, 2022, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated May 6, 2022 (ECF No. 97).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On September 6, 2022, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 2.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $85,079.98, representing compensation for pain and suffering ($85,000.00), and past unreimbursable expenses ($79.98), in the form of a check payable to Petitioner, Anthony Abels.**

Proffer at 2.  This amount represents all elements of compensation to which Petitioner is entitled under § 15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ANTHONY ABELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-558V |
| v. ) | Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 18, 2018, Anthony Abels ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that he suffered from brachial neuritis caused by his receipt of an influenza vaccination administered on October 6, 2016. *See* Petition at 1. On May 6, 2022, the Special Master issued a Ruling on Entitlement, finding petitioner entitled to Vaccine Act compensation. ECF No. 97.

**I.      Items of Compensation**

   A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $85,000.00 in actual and projected pain and suffering. Petitioner agrees.

   B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent now proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded

past unreimbursable expenses in the amount of $79.98, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[1]

**II.     Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]:  A lump sum payment of $85,079.98, representing compensation for pain and suffering ($85,000.00), and past unreimbursable expenses ($79.98), in the form of a check payable to petitioner, Anthony Abels.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Anthony Abels:            **$ 85,079.98**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[1] The parties have no objection to the amount of the proffered award of damages.  Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's May 6, 2022 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

                                        HEATHER L. PEARLMAN
                                        Deputy Director
                                        Torts Branch, Civil Division

                                        LARA A. ENGLUND
                                        Assistant Director
                                        Torts Branch, Civil Division

                                        s/ Sarah C. Duncan
                                        SARAH C. DUNCAN
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146
                                        Benjamin Franklin Station
                                        Washington, D.C. 20044-0146
                                        Tel:  (202) 514-9729
                                        Email:  sarah.c.duncan@usdoj.gov

DATED:  September 6, 2022